UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY BRONSDON,

    Plaintiff,

v.                                     Case No: 2:13-cv-778-FtM-29CM

THE CITY OF NAPLES, a
Florida Municipal
Corporation,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Partial Motion to Dismiss (Doc. #6) filed on December 4, 2013. Plaintiff filed a Response in Opposition (Doc. #11) on December 30, 2013. For the reasons set forth below, the motion is mostly denied.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations

must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## II.

The facts set forth in the Complaint, which at this stage of the proceedings are presumed to be true, show the following:

Plaintiff Jeffrey Bronsdon (plaintiff or Bronsdon) was employed by the City of Naples (defendant or City of Naples) as a firefighter from April 1992 through June 2011. During his employment, the City of Naples obtained medical information indicating that Bronsdon had a strong family history of heart disease; that he suffered from hypertension, which was genetically related; and that plaintiff suffered from coronary artery disease related to his blood pressure, family history, and hyperlipidemia. The City of Naples also obtained confidential medical information pertaining to the medical condition of Bronsdon's mother without consent.

In or around December 2008, Bronsdon filed a claim for Workers' Compensation Benefits, but defendant denied the claim based upon Bronsdon's genetic information and family medical history. Bronsdon filed suit on the basis of the denial of his Workers' Compensation Benefits and the trial began on March 31, 2010. During the trial, the City of Naples disclosed plaintiff's family medical history and genetic information, including his mother's medical information, to its attorney, George A. Helm, III. At trial and in depositions, the City of Naples cited to

Bronsdon's genetic information and family medical history as the basis for denying his claim for medical benefits. Bronsdon ultimately prevailed on his claim for Workers' Compensation Benefits at trial and on appeal.

In or around October 2010, Bronsdon filed a charge of discrimination with the Equal Employment Opportunity Counsel (EEOC) alleging that the denial of Workers' Compensation Benefits on the basis of his family medical history and genetic information violated the Genetic Information Nondiscrimination Act of 2008 (GINA). After filing his charge of discrimination, Bronsdon was subjected to harassment, including the exclusion from daily shift meetings, the denial of educational opportunities, and the reassignment of duties. Following a complaint about these matters to his battalion chief in February 2011, Bronsdon began finding his "bunker gear" relocated, disassembled, and otherwise tampered with. Plaintiff also found improperly disposed of medical waste directly under his bunker gear.

Bronsdon frequently complained to the lieutenants assigned to his station regarding the tampering with his gear, but no action was taken and the harassment against Bronsdon intensified. On or about May 3, 2011, Bronsdon received a puncture wound on his arm when he was pricked by a hypodermic needle that was intentionally concealed in the sleeve of his fire jacket. The City of Naples

4

failed to properly investigate or take proper action with respect to this incident.

On May 6, 2011, the City of Naples, in retaliation for the charge of discrimination and the complaints of retaliation, placed Bronsdon on administrative leave. Effective July 1, 2011, the City of Naples forced Bronsdon to take early retirement, constructively terminating his employment. Plaintiff filed a second charge of discrimination with the EEOC regarding the retaliation he experienced at work for the first charge he filed with the EEOC and for complaining about unlawful discrimination. On or about January 23, 2013, the EEOC issued a Letter of Determination in Bronsdon's favor on the initial charge of discrimination. A second Letter of Determination was issued by the EEOC on February 4, 2013, finding in favor of Bronsdon regarding his subsequent charge of retaliation and harassment.

Plaintiff initiated this action against the City of Naples on October 31, 2013, by filing a two-count complaint. (Doc. #1.) In Count I, plaintiff alleges that defendant possessed and used confidential medical information pertaining to his mother's medical condition, his genetic information, and his family medical history in violation of GINA. Count II alleges that defendant knowingly and willfully retaliated against him for filing a charge

with the EEOC and complaining about unlawful discrimination and retaliation in violation of GINA.

Defendant moves to dismiss Count I on the grounds that it did not discriminate against plaintiff based upon genetic information, workers' compensation proceeding are excluded from GINA, and plaintiff has not suffered any damages. Defendant also asserts that plaintiff's request for punitive damages in Counts I and II should be dismissed or stricken. Plaintiff concedes that the requests for punitive damages should be stricken; thus, the Court will grant the requested relief. Plaintiff, however, asserts that the other arguments raised by defendant are without merit. The Court agrees.

### III.

**A.  Unlawful Discrimination in Violation of GINA**

GINA makes it is unlawful for an employer "to discriminate against any employee with respect to the compensation, terms, conditions, or privileges of employment of the employee, because of genetic information with respect to the employee." 42 U.S.C. § 2000ff-1(a)(1). The term "genetic information" includes information about "(i) such individual's genetic tests, (ii) the genetic tests of family members of such individual, and (iii) the manifestation of a disease or disorder in family members of such individual." 42 U.S.C. § 2000ff(4). Genetic information

6

pertaining to the manifestation of a disease or disorder in family members refers to an individual's family medical history. 29 C.F.R. § 1635.3(c)(iii).

The term "[m]anifestation or manifested means, with respect to a disease, disorder, or pathological condition, that an individual has been or could reasonably be diagnosed with the disease, disorder, or pathological condition by a health care professional with appropriate training and expertise in the field of medicine involved. For purposes of this part, a disease, disorder, or pathological condition is not manifested if the diagnosis is based principally on genetic information." 29 C.F.R. § 1635.3(g). If, however, the diagnosis depends on both the presence of signs and symptoms and genetic information, the condition will be considered manifested. Regulations Under the Genetic Information Nondiscrimination Act of 2008, 75 Fed. Reg. 68912, 68917 (Nov. 9, 2010). The regulations make "it clear that genetic information of an individual with a manifested disease is protected genetic information under GINA and that discrimination against someone based on this information is prohibited." Id. at 68918. See also 29 C.F.R. § 1635.12(b).

Defendant asserts that "[p]laintiff cannot state a claim for discrimination under GINA because no decision was made based upon genetic information; rather, any alleged decision was based upon

plaintiff's manifested conditions." Defendant, however, has provided nothing more than a bare assertion regarding the basis of its decision to deny benefits. Plaintiff does not allege that defendant's decision was based on his manifested condition; rather, plaintiff alleges that defendant's decision to deny benefits was based on his family's medical history. Because discrimination based on family medical history is prohibited under GINA, even if the individual has a manifested condition, defendant's argument is without merit at the pleading stage.

**B.   Exclusion of Workers' Compensation Proceedings**

When Congress enacted GINA, it specified that GINA shall not be construed to "[l]imit or expand the protections, rights, or obligations of employees or employers under applicable workers' compensation laws." 42 U.S.C. § 2000ff-8(a)(4). Defendant argues that it was permitted to introduce genetic information during the workers' compensation proceedings, which it denies doing, because plaintiff put his own medical condition at issue. In response, plaintiff acknowledges that defendant was entitled to rely on his medical records during the proceedings, but asserts that defendant had no right to obtain his mother's medical records without consent and had no right to deny his claim based on family medical history.

Florida's Workers' Compensation law provides that "[a]ll medical reports of authorized treating health care providers

relating to the **claimant** and subject accident shall be received into evidence . . . upon proper motion." Fla. Stat. § 440.29(4) (emphasis added). The statute, however, does not specify whether a claimant's medical records include family medical history. In Punsky v. Clay County Sheriff's Office, the claimant alleged that he was entitled to workers' compensation benefits because the stress from his job as a police officer caused a heart attack and that he was entitled to invoke Fla. Stat. § 112.18(1), often referred to as the "firefighter's presumption." 18 So. 3d 577, 579 (Fla. 1st DCA 2009). On appeal, the appellate court upheld the denial of benefits because "the medical evidence presented unanimously supported a conclusion that claimant's heart attack was facilitated and, more likely than not, caused by a genetic condition known as combined familial hyperlipidemia." Id. The medical evidence introduced at the hearing included the testimony of an independent medical examiner who testified that the risk factors primarily responsible for the claimant's heart attack were family history and genetics. Id. Because the denial of benefits in Punsky was based on genetic information and family medical history, the Court finds that an employer may rely on properly acquired genetic information during workers' compensation proceedings governed by Florida law without violating 42 U.S.C. § 2000ff-1(a)(1). This, however, does not end the inquiry.

9

In addition to its prohibition of discrimination based on genetic information, GINA makes it unlawful "to request, require, or purchase genetic information with respect to a member or a family member of the member." 42 U.S.C. § 2000ff-1(b). GINA's prohibition on the acquisition of genetic information is subject to a number of exceptions, including the voluntary disclosure of genetic information by an employee. 29 C.F.R. § 1635.8. Although an employer may rely on genetic information during workers' compensation proceedings, the Court finds that GINA's restrictions on the acquisition of genetic information do not limit the protections, rights, or obligations of employers under Florida's Workers' Compensation law.

If an employer wrongfully obtains an employee's genetic information, including the employee's family medical history, it may be liable under GINA. Here, plaintiff alleges that defendant obtained his mother's medical information without consent and used that information to deny workers' compensation benefits. Based on these allegations, the Court finds that plaintiff has stated a plausible claim.

**C.   Damages**

Finally, defendant asserts that plaintiff has not suffered any damages because he was awarded workers' compensation benefits. The remedies available for violations of GINA include compensatory

10

damages, attorney's fees, and injunctive relief. 29 C.F.R. § 1635.10(b). Because the requested relief differs from an award of workers' compensation benefits, the Court finds the allegations pertaining to damage to be sufficient. Accordingly, defendant's motion to dismiss Count I of the Complaint is denied.

Accordingly, it is now

**ORDERED:**

Defendant's Partial Motion to Dismiss (Doc. #6) is **GRANTED in part and DENIED in part**. Defendant's motion to dismiss plaintiff's claim for punitive damages is granted. The motion is otherwise denied.

**DONE AND ORDERED** at Fort Myers, Florida, this   22nd   day of May, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record